UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANICE WELLS,<br><br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>        Defendant. | 1:20-cv-10259-NLH<br><br>**OPINION** |

**APPEARANCES:**

RICHARD LOWELL FRANKEL
JENNIFER L. STONAGE
BROSS & FRANKEL, PA
725 KENILWORTH AVE
CHERRY HILL, NJ 08002

    *On behalf of Plaintiff*

EDA GIUSTI
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
300 SPRING GARDEN STREET
6TH FLOOR
PHILADELPHIA, PA 19123

    *On behalf of Defendant*

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration.

405(g), regarding Plaintiff's application for Disability Insurance Benefits ("DIB")[2] under Title II of the Social Security Act.  42 U.S.C. § 423, et seq.  The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since her alleged onset date of disability, March 15, 2016.  For the reasons stated below, this Court will remand the case.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On August 25, 2016, Plaintiff, Janice Wells, filed an application for DIB, alleging that she became disabled on January March 15, 2016.  On August 29, 2016, Plaintiff also protectively filed a Title XVI application for supplemental security income[3].  Plaintiff claims that she can no longer work as a certified nurse's aide, cleaner housekeeper, and office clerk, because of her impairments of rheumatoid arthritis, degenerative disc disease of the cervical and lumbar spine,

---

[2] DIB is a program under the Social Security Act to provide disability benefits when a claimant with a sufficient number of quarters of insured employment has suffered such a mental or physical impairment that the claimant cannot perform substantial gainful employment for at least twelve months.  42 U.S.C. § 423 et seq.

[3] A protective filing date marks the time when a disability applicant made a written statement of his or her intent to file for benefits. That date may be earlier than the date of the formal application and may provide additional benefits to the claimant. See SSA Handbook 1507; SSR 72-8.

2

depression, anxiety, schizophrenia, substance abuse, vision issues, and a heart aneurysm.[4]

Plaintiff's claim was denied initially and upon reconsideration. Plaintiff requested a hearing before an ALJ, which was held on May 21, 2019. On July 25, 2019, the ALJ issued an unfavorable decision. Plaintiff's Request for Review of Hearing Decision was denied by the Appeals Council on June 15, 2020, making the ALJ's decision final. Plaintiff brings this civil action for review of the Commissioner's decision.

**II.  DISCUSSION**

    **A.  Standard of Review**

Under 42 U.S.C. § 405(g), Congress provided for judicial review of the Commissioner's decision to deny a complainant's application for social security benefits. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995). A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S.

---

[4] On the alleged onset date of March 15, 2016, Plaintiff was 49 years old, which is defined as "a younger individual" (age 18-49). 20 C.F.R. § 404.1563.

389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The inquiry is not whether the reviewing court would have made the same determination, but whether the Commissioner's conclusion was reasonable. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality. See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984). "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d 301, 303 (6th Cir. 1988) (quoting Universal Camera Corp. V. NLRB, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000). Similarly, an ALJ must also consider and weigh all the non-medical evidence before him. Id. (citing Van Horn v. Schweiker,

4

717 F.2d 871, 873 (3d Cir. 1983)); Cotter v. Harris, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  Although an ALJ, as the factfinder, must consider and evaluate the medical evidence presented, Fargnoli, 247 F.3d at 42, "[t]here is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record," Hur v. Barnhart, 94 F. App'x 130, 133 (3d Cir. 2004).  In terms of judicial review, a district court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  However, apart from the substantial evidence inquiry, a reviewing court is entitled to satisfy itself that the Commissioner arrived at his decision by application of the proper legal standards. Sykes, 228 F.3d at 262; Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

**B.    Standard for DIB**

The Social Security Act defines "disability" for purposes of an entitlement to a period of disability and disability insurance benefits as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a plaintiff qualifies as disabled only if her physical or mental impairments are of such severity that she is not only unable to perform her past relevant work, but cannot, given her age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work.  42 U.S.C. § 1382c(a)(3)(B) (emphasis added).

The Commissioner has promulgated regulations[5] for determining disability that require application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step

---

[5] The regulations were amended for various provisions effective March 27, 2017.  See 82 F.R. 5844.  The parties do not indicate that any of the amendments are applicable to the issues presented by Plaintiff's appeal.

6

process is summarized as follows:

1. If the claimant currently is engaged in substantial gainful employment, she will be found "not disabled."

2. If the claimant does not suffer from a "severe impairment," she will be found "not disabled."

3. If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 <u>and</u> has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4. If the claimant can still perform work she has done in the past ("past relevant work") despite the severe impairment, she will be found "not disabled."

5. Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not she is capable of performing other work which exists in the national economy. If she is incapable, she will be found "disabled." If she is capable, she will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f). Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

This five-step process involves a shifting burden of proof. <u>See</u> <u>Wallace v. Secretary of Health & Human Servs.</u>, 722 F.2d 1150, 1153 (3d Cir. 1983). In the first four steps of the analysis, the burden is on the claimant to prove every element of her claim by a preponderance of the evidence. <u>See</u> <u>id.</u> In the final step, the Commissioner bears the burden of proving that work is available for the Plaintiff: "Once a claimant has

7

proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

### C. Analysis

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. At step two, the ALJ found that Plaintiff's impairments of rheumatoid arthritis, degenerative disc disease of the cervical and lumbar spine, depression, anxiety, schizophrenia and substance abuse (alcohol) were severe. At step three, the ALJ determined that Plaintiff's severe impairments or her severe impairments in combination with her other impairments did not equal the severity of one of the listed impairments.

The ALJ next determined that Plaintiff had the residual functional capacity ("RFC") to perform work at the light level,[6] with certain exertional restrictions. At steps four and five, the ALJ determined that Plaintiff was not able to perform her past relevant work, but Plaintiff's RFC rendered her capable of

---

[6] 20 C.F.R. § 404.1567 ("Physical exertion requirements. To determine the physical exertion requirements of work in the national economy, we classify jobs as sedentary, light, medium, heavy, and very heavy.").

performing other jobs in the national economy, such as a parking lot cashier, an office helper, and a gate attendant.  The ALJ therefore concluded that Plaintiff was not disabled.

Plaintiff argues that the ALJ erred in her decision because she failed to consider all probative medical evidence in the record and failed to incorporate limitations consistent with that evidence in the RFC.  Plaintiff also argues that the ALJ erred in her treatment of the medical opinion evidence and failed to assign proper limitations secondary to the Plaintiff's severe medical impairments in the RFC.  The Court's review of Plaintiff's submissions reveals that Plaintiff is essentially complaining that the ALJ did not properly consider the medical opinions of Dr. Christopher Williamson and Dr. Ana Cilursu.  The Court agrees that the ALJ based her decision to discount the medical opinion of Dr. Cilursu on substantial evidence in the record.  However, the Court finds that the ALJ did not properly consider the medical opinion of Dr. Williamson.  Therefore, the Court will remand this case so that the ALJ may conduct an analysis taking into account the medical opinion of Dr. Williamson.

With respect to Dr. Williamson's medical opinion, the ALJ's decision is completely devoid of any indication that she took his medical opinion into account.  Plaintiff is not clear in her brief regarding at what step the ALJ committed error by failing

9

to consider Dr. Williamson's medical opinion, but appears to complain of its treatment in the RFC analysis. Plaintiff states, "While the ALJ determines the Plaintiff's schizophrenia to be severe, she does not incorporate limitations consistent with the same in the RFC." (ECF 11 at 14). The Court agrees with Plaintiff that the ALJ was required to weigh Dr. Williamson's opinion when conducting its RFC analysis. Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505-06 (3d Cir. 2009) ("The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects.") In the ALJ's RFC analysis, she explicitly states that she is giving great weight to two psychological analysts and says that "[t]here are numerous mental status evaluations of the claimant in the record which were normal." (R. at 15). That statement shows that the ALJ considered the medical opinions that weighed toward a finding of "normal" functioning but leaves out Dr. Williamson's opinion which came to the opposite conclusion. (R. at 778-80). To the extent that the ALJ found Dr. Williamson's medical opinion not to be compelling, she had a duty to provide her reasoning as to why. Diaz, 577 F.3d at 505-06 ("In evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another. However, when a conflict in the evidence exists, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason."

10

(internal citations and alterations omitted); Coria v. Heckler, 750 F.2d 245, 248 (3d Cir. 1984) ("Since the ALJ explicitly disregarded a substantial portion of the medical evidence, the ALJ failed to consider 'all the evidence' as is required by [Cotter v. Harris, 642 F.2d 700, 704 (3d Cir.1981)].")  This Court cannot weigh the evidence or substitute its conclusions for those of the ALJ, or independently conduct its own RFC analysis.[7]  Without the ALJ performing that analysis, this Court cannot determine whether the ALJ's decision is supported by substantial evidence.  Williams, 970 F.2d at 1182.

The Court comes to the opposite conclusion regarding the ALJ's treatment of Dr. Cilursu's medical opinion.  Plaintiff assigns error to the ALJ's decision because "In the present case, the ALJ failed to identify specific evidence that contradicts the opinion of the Dr. Ana Cilursu." (ECF 11 at 18).  The Court disagrees.  Further, while Plaintiff does not develop this argument, her complaint regarding "The ALJ's finding that the Plaintiff would be off-task eight percent of the workday" seems to stem from the ALJ's decision to discredit Dr. Cilursu's opinion which suggested that Plaintiff would be off-task twenty

---

[7] See Hartzell v. Astrue, 741 F. Supp. 2d 645, 647 (D.N.J. 2010) (citing Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992)) (explaining that the pinnacle legal principal that applies to the assessment of all of the other standards: A district court is not empowered to weigh the evidence or substitute its conclusions for those of the ALJ).

11

percent of the workday. (R. 805).

As explained above, an ALJ may discount a medical opinion in the record so long as she explains her reasoning why. The ALJ has done so here. Specifically, in deciding not to credit Dr. Cilursu's testimony, the ALJ reasoned:

> On May 25, 2017, Dr. Cilursu opined that the claimant could do less than sedentary work, as reported by the claimant, and that she would be off task 20% of the workday (Exhibit 21F). The undersigned gives the opinion little weight as it is not function by function specific as to what the claimant is capable of doing and it is inconsistent with the medical record as a whole.

(R. at 18). This statement shows that the reason that the ALJ discounted this medical opinion was because it was not "function by function specific as to what the claimant is capable of doing and it is inconsistent with the medical record as a whole." (Id.) This is enough. The ALJ is not required to exhaustively discuss every minute piece of evidence in the record in order to issue a sufficiently reasoned opinion. Hur, 94 F. App'x 130 at 133. ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record[.]")  To the extent implicated by Plaintiff's complaint about a finding of the percentage of time she would be off task at work, the ALJ's decision to discount Dr. Cilursu's medical opinion also does not mean that the ALJ's determination on appropriate employment was in error. First, the ALJ's opinion does not couch the conclusion in terms of the percentage of time that

12

Plaintiff would be off-task in a workday. Even so, the ALJ considered the testimony of the vocational expert who opined on this issue. (R. at 71). Therefore, the Court cannot say that the ALJ's treatment of Dr. Cilursu's medical opinion and her subsequent determination on appropriate work is not supported by substantial evidence.

Finally, to the extent that Plaintiff presents them as separate errors beyond what has already been discussed,[8] the Court does not find error in the ALJ's "finding" regarding Plaintiff's "traumatic brain injury, IBS, cervical spine impairments, and hip pain to be non-severe" or purported failure to perform a function-by-function analysis. First, the ALJ did in fact find Plaintiff's cervical spine issues to be severe. (ECF 14). Second, the Court's review of the administrative record does not reveal any evidence of a traumatic brain injury

---

[8] In the section of Plaintiff's brief titled "Statement of Issues Presented for Review, Plaintiff lists four purported errors: (1) "The ALJ erred in finding Plaintiff's traumatic brain injury, IBS, cervical spine impairments, and hip pain to be non-severe and further erred by not assigning limitations consistent with the same[;]" (2) "The ALJ erred in failing to perform a function-by-function analysis[;]" (3) "The ALJ erred in his evaluation of the opinion evidence[;] and (4) "The ALJ's finding that the Plaintiff would be off-task eight percent of the workday is not supported by substantial evidence in the record." (ECF 11 at 1-2). Plaintiff's brief, however, only explicitly addresses the issue of the exclusion of relevant medical opinions. The Court will address these issues nonetheless for the sake of completeness and to assist the narrow the issues upon remand.

13

or irritable bowel syndrome.  In addition, to the extent that any of the medical opinions could be construed as touching on those ailments, the ALJ's decision shows that she weighed those opinions in coming to her conclusion.  (R. at 16-19).  To the extent that there was a determination that Plaintiff's hip pain was non-severe, that conclusion was supported by medical opinions which the ALJ expressly considered. (See R. at 471).  There also is nothing in the ALJ's decision or in the record that shows a failure to adequately consider each component of Plaintiff's functioning capacity as it pertained to her severe ailments.  The Court does not find error in those aspects of the ALJ's decision.

### III. Conclusion

For the reasons expressed above, the decision of the ALJ failed to properly account for the medical opinion of Dr. Williamson.  Therefore, the Court is unable to determine if the ALJ's decision was supported by "substantial evidence" and will remand the case for further findings consistent with this Opinion.  This Court expresses no opinion as to what weight Dr. Williamson's opinion should be given.

An accompanying Order will be issued.


Date: January 18, 2022             s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

14