UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
JANICE WELLS
     Plaintiff,                    1:20-cv-10259-NLH

v.
                                   OPINION AND ORDER
COMMISSIONER OF SOCIAL
SECURITY,
               Defendant.
```

**APPEARANCES:**

JENNIFER LILLEY STONAGE
RICHARD LOWELL FRANKEL
BROSS & FRANKEL
724 KENILWORTH AVE, SUITE 2
CHERRY HILL, NJ 08002

    *On behalf of Plaintiff*

EDA GIUSTI
STUART WEISS
SOCIAL SECURITY ADMINISTRATION
6401 SECURITY BOULEVARD
BALTIMORE, MD 21235

    *On behalf of Defendant*

**HILLMAN**, **District Judge**

    WHEREAS, this matter comes before the Court pursuant to the Social Security Act, 42 U.S.C. § 406(b), to review Richard Frankel, Esquire's (Counsel of Plaintiff, "Counsel") Motion for Attorney's Fees; and

    WHEREAS, on May 16, 2022, Defendant filed a stipulated consent order for Payment of Equal Access to Justice Act

1

("EAJA") Fees allowing Counsel a fee award under the EAJA in the amount of $6,300.00 and costs in the amount of $400.00 in full satisfaction of all claims for fees, costs, and other expenses under the EAJA (ECF 16); and

WHEREAS, on May 17, 2022, the Consent Order was approved by this Court (ECF 17); and

WHEREAS, on January 22, 2024, Counsel filed a motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), in the amount of $30,000.00[1] (ECF 18); and

WHEREAS, the attorney fee provision of the Social Security Act provides, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which claimant is entitled by reason of such judgment," 42 U.S.C. § 406(b)(1); and

---

[1] The Court notes that Plaintiff's supporting brief lists $25,433.00 as the requested amount on the first page of the brief. However, the Motion seeks $30,000. (ECF 18 at 1). The brief concludes by requesting $30,000. (ECF 18-1 at 3). The Proposed Order lists $30,000 (ECF 18-3 at 1). Moreover, 25% of the past due benefits of $120,000.00 is $30,000.00. Thus, this Court views the $25,433.00 number as a typographical error. The Commissioner pointed this out in its response as well. (ECF 20 at 2 fn. 3).

WHEREAS, Counsel has certified that a total of 28.4 hours were expended on Plaintiff's civil action in federal court (ECF 18-1 at 2);

WHEREAS, Counsel's advocacy led to a positive result for Plaintiff (Id. at 1);

WHEREAS, Plaintiff contractually agreed to pay the contingent fee now sought by Counsel (Id. at 2; ECF 18-7 at 1); and

WHEREAS, on remand Plaintiff was awarded $120,000.00 in past-due benefits as well as ongoing benefits as long as she remains disabled (ECF 18 at 1); and

WHEREAS, Counsel has agreed to remit to Plaintiff the $6,300.00 in EAJA fees which the Court previously awarded on May 17, 2022 (ECF 18 at 1); and

WHEREAS, the Commissioner has filed a letter response to Counsel's petition for attorney's fees, neither supporting nor opposing counsel's request for attorney's fees (ECF 20); and

WHEREAS, the Court further notes that when determining whether an amount is reasonable, courts in the Third Circuit have considered the amount of time spent on the case, the result achieved, the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the

3

proceeding, see Leak v. Commissioner of Social Security, No. 11-51, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017) (citations omitted); and

WHEREAS, the Court further notes that a higher contingency fee is reasonable given the risk of non-recovery if Plaintiff's claims were unsuccessful, see id.; and

WHEREAS, the Court finds that the following weighs in favor of the requested and contractually agreed-upon 25 percent contingency fee:

1. The fee requested would result in an imputed effective hourly rate of $1,056.34 which reflects the nature of contingent fees and the risk of non-recovery; and

2. Counsel has practiced law for approximately 19 years, focusing on social security matters (ECF 18-1 at 3 fn. 4); and

3. Although not dispositive, New Jersey courts have utilized Community Legal Services of Philadelphia's fee schedules as a helpful metric in setting fee rates, which currently lists an attorney with 16 to 20 years of experience at a rate of $535 to $625; and

4. Counsel's non-contingent hourly rate is $450.00 (ECF 18-1 at 2 fn. 2), which is below the Community Legal Services fee schedule; and

5.     Based on his $450.00 non-contingent hourly rate the imputed hourly rate is not substantially greater than double his non-contingent hourly rate; and

6.     The $1,056.34 imputed hourly rate, although on the high side, is not inconsistent with previously approved rates in contingency fee cases which carry a risk of non-recovery, see Gonzales v. Comm'r of Soc. Sec., No. 10-3735, 2017 WL 6513349, at *2 (D.N.J. Dec. 19, 2017) (approving an imputed hourly rate of $992.80); Mignone v. Comm'r of Soc. Sec., No. 13-6054, 2018 WL 259949, at *2 (D.N.J. Jan. 2, 2018) (approving an imputed hourly rate of $850.14); Leak v. Comm'r of Soc. Sec., No. 11-51, 2017 WL 5513191, at *1 (approving an imputed hourly rate of $745.24); see also Wilson v. Astrue, 622 F. Supp. 2d 132, 134, 137 (D. Del. 2008) (approving an hourly rate of $1,155.59 because the hourly rate deserved less weight where the case was difficult and counsel was highly skilled in social security representation); and

7.     Counsel has agreed to remit to Plaintiff the $6,300.00 in EAJA fees which the Court previously awarded, which means that the overall fees retained by Counsel would be within the boundaries of reasonableness, see Perez v. Barnhart, No. 02-3779, 2006 WL 781899 (E.D. Pa. 2006); and

8.     There is no evidence that Counsel delayed proceedings to increase the fees accrued in this matter; and

5

9.   Counsel was able to able to convince the Administration via briefing on remand that the Plaintiff was owed retroactive benefits, and that Plaintiff should also receive future benefit payments, provided Plaintiff remains disabled (ECF 18 at 1), a continuing monetary benefit to Plaintiff beyond the award for past-due benefits accounted for in the present fee application; and

10.   Plaintiff agreed to the 25 percent contingency fee (Id. at 2; ECF 18-7 at 1); and

WHEREAS, the Court finds therefore that the foregoing factors show that the 25 percent contingency expressly permitted by § 406(b) is reasonable under these circumstances;

Accordingly,

IT IS on this 6th day of February, 2024

ORDERED that the Clerk shall reopen the case and shall make a new and separate docket entry reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Counsel remit to Plaintiff any amount received in EAJA fees pursuant to this Court's previous award on May 18, 2022; and it is further

ORDERED that Counsel's Motion for Attorney's Fees Pursuant to the Social Security Act be, and the same hereby is, GRANTED, and Counsel shall be awarded $30,000.00 in attorney's fees; and it is finally

ORDERED that the Clerk shall re-close the file and make a new and separate docket entry reading "CIVIL CASE TERMINATED."

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.